sg6986

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                    Chapter 13

PEACHES SENIOR                                            Case No. 8-15-71273-reg
aka PEACHES M. SENIOR,

                                                         ___AFFIRMATION IN SUPPORT
                                                              OF MOTION TO DISMISS
_____
                          Debtor.
-----------------------------------------------------------X

        Stuart P. Gelberg, the undersigned, an attorney duly admitted to practice before this

Court, affirms under the penalty of perjury as follows:

        1)      I am the attorney for Ajax Residential Note Pool I, LLC, and, as such, am

fully familiar with the facts and circumstances set forth herein.

        2)      I make this affirmation in support of my motion for an Order pursuant

to 11 U.S.C. Sections 1307(b) and 105(a) dismissing this case with prejudice to the Debtor's right

to refile a petition under Title 11 for a period of not less than one (1) year and for such other and

further relief as may seem just and proper.

## BACKGROUND

        3)      This is this Debtor's fourth bankruptcy case since 2010.  The Court's attention

is directed to the Petition commencing this case.  The Debtor failed to list any of the prior cases,

all of which were required to be disclosed since they were all filed within the last eight (8) years.

This omission is made even more remarkable since the attorney that commenced this case

commenced the two (2) most recent prior filings and, therefore, knew of the prior filings.

        4)      The Debtor's first case was a Chapter 7 filed on November 22, 2010.  The Debtor

was discharged on February 16, 2011 and the case closed February 16, 2011.

5)    The Debtor's second case was a Chapter 13 filed on August 12, 2013.  Like this case, the Debtor's second case was a skeletal filing.  The Debtor never filed the remaining documents (Schedules A-J, Statement of Financial Affairs, Chapter 13 Plan, Means Test, pay statements and other documents).  That case was "Automatically" dismissed on September 27, 2013.

6)    The Debtor's third case was also a Chapter 13 and was filed on December 3, 2013.  That case was dismissed on the Trustee's motion by Order dated March 20, 2014.  This Court denied so much of the Trustee's motion as sought sanctions on Debtor's counsel.

7)    According to the attorney for North Shore Investors Realty Group, LLC, the assignor to the movant herein, each of the prior Chapter 13 petitions were filed on the eve of the day of foreclosure sales.  See Affirmation of Alan Weinreb docket number 22 filed January 8, 2014 in case 13-76080.

8)    This case, like the two (2) before it, was filed on the eve of a foreclosure sale.

9)    This Court's attention is directed again to the Petition commencing this case.  The Petition requires the Debtor to list their last name first. The Debtor filed under the name Senior, Peaches when, in fact, her name is Peaches Senior.  It also appears that the Debtor and her same attorney made that same error in each of her prior Chapter 13 filings and repeated the error here.

10)    In each of the last two (2) cases and this case, the mortgagee is the only creditor scheduled.  Incredibly, Capital One has filed a Notice of Appearance, even though they were not scheduled.  Therefore, it appears that the Debtor failed to list at least one (1) creditor.

11)    The movant holds a mortgage dated June 30, 2004 in the original amount of $323,000.00.

2

12)     The Debtor defaulted on that mortgage commencing March 1, 2008.

13)     A Judgment of Foreclosure and Sale was entered on April 24, 2013.  A copy of that Judgment is annexed hereto as Exhibit A.  The Judgment is conclusive as to the mortgage's validity and the amount due to the date of that Judgment ($464,429.25).

14)     The mortgage was assigned to the movant March 30, 2015.  A copy of the assignment is annexed hereto as Exhibit B.

## ARGUMENT

15)     The Debtor lacks sufficient regular income to be a Chapter 13 debtor as required by 11 U.S.C. Section 109e.

16)     The Debtor's filed Schedules I and J show expenses in excess of her income when the Debtor's mortgage payment is included.  See Schedules I and J, docket number 13 filed April 13, 2015.  Schedule I shows income of $3,706 and Schedule J shows expenses of $1,780. The mortgage payment is at least $2,990.

17)     The Debtor is in arrears for approximately seven (7) years.  In those seven (7) years and prior three (3) bankruptcies, the Debtor had not saved any monies whatsoever, despite not making her mortgage payments.  See Schedule B docket number 13 filed April 13, 2015.

18)     The mortgage arrears exceed $248,000.  That sum, with the Trustee's commission, requires monthly payments of approximately $4,600 per month.  That exceeds the Debtor's gross monthly income!   See Exhibit C.

19)     The Debtor can not fund any Chapter 13 Plan, let alone an adequate Chapter 13 Plan. Therefore, the Debtor is ineligible to be a Chapter 13 debtor pursuant to 11 U.S.C. Section 109e.

20)      Given the fact that all three (3) of the Debtor's Chapter 13 cases were commenced on the eve of a foreclosure sale; the Debtor's apparent inability to fund an adequate Chapter 13 Plan; her ineligibility for a Chapter 7 discharge for more than one (1) year; the total lack of other scheduled creditors; and other reasons, set forth above, it is apparent that this case was filed solely for the purposes of delay and not in a good faith effort to deal with her mortgagee.

WHEREFORE, your affirmant respectfully requests an Order of this Court dismissing this case with prejudice to the Debtor's rights to file a Petition under Title 11 for a period of one (1) year and for such other, further and different relief as this Court deems just, proper and equitable.

Dated: Garden City, New York
      April 16, 2015

                          /s/ Stuart P. Gelberg
                          STUART P. GELBERG,  (SG 6986)
                          Attorney for Ajax Residential Note
                            Pool I, LLC
                          600 Old Country Road, Suite 410
                          Garden City, New York 11530
                          (516) 228-4280